IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL DWAYNE THOMPSON, § | | |
| Petitioner, § | | |
| § | | |
| v. § | No. 3:17-CV-1748-M (BT) | |
| § | | |
| LORIE DAVIS, *Director* TDCJ-CID § | | |
| Respondent. § | | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Thompson, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred this resulting cause of action to the United States magistrate judge for pretrial management, pursuant to 28 U.S.C. § 636(b) and Special Order 3-251. For the following reasons, the petition should be denied.

I.

Petitioner challenges his conviction for burglary of a vehicle, enhanced, and resulting sentence. *State of Texas v. Michael Dwayne Thompson*, No. F-14-660066-M (194th Dist. Ct., Dallas County, Tex., May 28, 2015). Petitioner was charged by indictment with burglary of a vehicle, with two prior convictions. The indictment also alleged two other prior convictions for the enhancement of punishment. Petitioner entered an open plea of guilty to the offense as indicted, and true to both enhancement paragraphs. Petitioner elected to have a jury assess

1

punishment; and, on May 28, 2015, the jury assessed punishment at ten years in prison. On April 5, 2016, the Fifth District Court of Appeals modified the judgment and affirmed. *Thompson v. State*, No. 05-15-00709-CR (Tex. App. – Dallas 2016, no pet.). Petitioner did not file a petition for discretionary review.

On March 27, 2017, Petitioner filed a state habeas petition, which the Court of Criminal Appeals denied without written order, on June 21, 2017. *Ex parte Thompson*, No. 86,255-02.

On June 28, 2017, Petitioner filed the instant § 2254 petition. In two grounds for relief, Petitioner argues: (1) the trial court denied him due process when it failed to convert his state jail felony to a third degree felony; and (2) his conviction violated his right to be free from double jeopardy. On September 1, 2017, Petitioner filed a "Notice that Issues Not be Abandoned" (ECF No. 11), in which he raises three additional grounds for relief: (3) he received ineffective assistance of trial and appellate counsel; (4) his sentence is unlawful due to jurisdictional defects; and (5) the state habeas court did not issue a written decision and did not provide an evidentiary hearing.

II.

## 1. Standard of Review

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, provide:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Here, Petitioner argues this deferential standard of review does not apply to his case because his claims were not adjudicated on the merits. The record, however, shows that the Court of Criminal Appeals denied, rather than dismissed, Petitioner's habeas petition. (ECF No. 14-27.) Under Texas law, when the Court of Criminal Appeals denies a state habeas petition, the "denial" means

3

that the court rejected a particular claim on the merits. *See Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) ("In our writ jurisprudence, a 'denial' signifies that we addressed and rejected the merits of a particular claim while a 'dismissal' means that we declined to consider the claim for reasons unrelated to the claims merits."); *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) ("Under Texas law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of the claim."). Because the Court of Criminal Appeals denied Petitioner's claims on the merits, the deferential AEDPA standard of review applies to this petition.

### 2. Convert State Jail Felony

Petitioner claims the trial court erred when it failed to convert his state jail felony into a third degree felony. He argues this failure violated his due process rights, and the court lacked jurisdiction as a result of the alleged error.

Petitioner's claims refer to the appellate court's modification of the judgment. On direct appeal, the court found that the judgment erroneously stated Petitioner was convicted of a third degree felony. (ECF 14-16 at 45). Instead, Petitioner was convicted of a state jail felony, enhanced by two prior felonies. Because of the enhancement paragraphs, Petitioner's punishment range was the range applicable to a third degree felony. The appellate court modified the judgment to correct the error.

4

Petitioner argues his conviction should not have been subject to the enhanced punishment, and appears to argue the error in the judgment was a jurisdictional defect.

Respondent argues Petitioner's due process claim is procedurally barred because Petitioner failed to exhaust the claim in state court, and that if Petitioner attempted to return to state court to raise this claim, the state court would find the claim procedurally barred. The record shows that on state habeas review, Petitioner argued the court lacked jurisdiction because it failed to convert his conviction from a state jail felony to a third degree felony. Here, Petitioner claims the court violated his due process rights when it failed to convert his state jail conviction to a third degree felony. To exhaust this claim, "[i]t is not enough that all facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. . . . Indeed, where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (citations omitted). Petitioner raises two distinct legal theories in state and federal court. He therefore failed to exhaust his due process claim.

Failure to exhaust state remedies is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default or that the court's failure to

5

consider the claim will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner has stated no cause for his failure to present this claim to the Court of Criminal Appeals. He has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he is actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner has failed to meet this high standard. Accordingly, the procedural default doctrine bars federal habeas relief on these claims.

Petitioner's due process and jurisdictional claims are also without merit. As discussed by the appellate court, Petitioner's conviction for burglary of a vehicle was a state jail felony because of his two prior burglary of a vehicle convictions. *See* Tex. Penal Code § 30.04. Additionally, because of the two enhancement paragraphs, Petitioner's punishment range was increased to that of a third degree felony. *See id.* at § 12.425. Petitioner's claims that the trial court lacked

6

jurisdiction and that his due process rights were violated are without merit.

### 3. Double Jeopardy

Petitioner claims his conviction violated his right to be free from double jeopardy. He appears to argue that the use of prior convictions to enhance his current sentence violated the Double Jeopardy Clause. The Fifth Circuit, however, has determined that "double jeopardy principles are not offended by the use of *prior convictions* to enhance subsequent convictions." *United States v. Simpson*. 796 F.3d 548, 555 (5th Cir. 2015) (citing *Sudds v. Maggio,* 696 F.2d 415, 417–18 (5th Cir.1983) (per curiam)). Petitioner's claim should be denied.

### 4. Ineffective Assistance of Counsel

Petitioner claims his trial and appellate counsel were ineffective. (ECF No. 11.) To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Here, Petitioner argues his trial and appellate counsel failed to properly advise him that the court had no jurisdiction over his case because his offense was not properly enhanced. As discussed above, Petitioner's punishment was properly enhanced under Texas Penal Code § 12.425, and his burglary charge qualified as a state jail felony under Texas Penal Code § 30.04. Petitioner's counsel was not required to make frivolous objections. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

5.   **State Habeas Proceedings**

Petitioner challenges the state habeas proceedings by arguing the state court failed to issue a written decision and failed to hold an evidentiary hearing. Petitioner's claims challenging the state habeas process do not state a claim for federal habeas relief. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001)

8

("infirmities in the state habeas process do not constitute grounds for relief in federal court"); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) (per curiam) (stating federal habeas relief is not available based on state habeas court's misapplication of its own procedural rules). Petitioner's claims should be denied.

**6.    Summary**

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' decision to deny relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

III.

Because Petitioner failed to make a substantial showing of the denial of a federal right, the Court should DENY with prejudice his petition for writ of habeas corpus.

Signed June 19, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve on the parties a true copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these Findings, Conclusions, and Recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these Findings, Conclusions, and Recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the Findings, Conclusions, and Recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).